IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | I N D I C T M E N T |
| v. | Case No. _____ |
| SKYE EAGLE DEER DICKENS | Violations: 18 U.S.C. § 2; and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 |

COUNT ONE

**Distribution of Methamphetamine**

The Grand Jury Charges:

From in or about August 2014 and continuing until in or about October 2015, in the District of North Dakota,

SKYE EAGLE DEER DICKENS

knowingly and intentionally distributed 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2.

COUNT TWO

**Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine**

The Grand Jury Further Charges:

From in or about August 2014 and continuing until in or about October 2015, in the District of North Dakota,

SKYE EAGLE DEER DICKENS

knowingly and intentionally combined, conspired, confederated, and agreed together with others, both known and unknown to the grand jury, to distribute and possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendant and others would and did distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in and near White Shield, within the Fort Berthold Indian Reservation, in the state of North Dakota, and elsewhere;

2. It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

3. It was a further part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions; and,

4.      It was a further part of said conspiracy that the defendant and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

In violation of Title 21, United States Code, Section 846.

A TRUE BILL:

/s/ Grand Jury Foreperson
Foreperson

/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

RLV/rab

3